UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marco A. Nunez, #11460-031, ) C/A No. 4:13-2744-TMC-TER<br>*aka* Marco Antonio Nunez-Ramos, )<br>                                                              )<br>                                    Plaintiff,  )<br>                                                              )         REPORT AND<br>vs.                                                         )         RECOMMENDATION<br>                                                              )<br>Kenny Atkinson; and C. Blackwelder,  )<br>                                                              )<br>                                    Defendants.  )<br>_____)  | |

      Marco A. Nunez, also known by the last name of Nunez-Ramos (Plaintiff), is a self-represented federal prisoner suing two federal employees. In his complaint, Plaintiff contends this Court has jurisdiction to consider his claims under admiralty law, while also claiming violation of his constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2), D.S.C., the undersigned is authorized to review prisoner civil rights complaints and submit findings and recommendations to the assigned District Judge. For the reasons that follow, it is recommended that the complaint be dismissed because it is frivolous and fails to state a claim on which relief may be granted.

**I. STANDARD OF REVIEW**

      The court is required to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss the action "if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b). The Supreme Court instructs that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law

or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted, when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal citations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A federal district court is also charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Haines v. Kerner*, 404 U.S. 519 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A pro se litigant's complaint is held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a federal claim. *Weller v. Dep't. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). The complaint filed in this case by a self-represented prisoner is subject to dismissal under the provisions of 28 U.S.C. § 1915A.

## II. BACKGROUND

Plaintiff, a federal prisoner, files a complaint in which he claims to be a trustee pursuing an admiralty claim. Throughout the complaint, Plaintiff refers to himself as "Trustee" and states he is the "Trustee of an EXPRESS TRUST" who is making a special appearance in this "IN-REM cause of contract" in which he asserts "admiralty and maritime jurisdiction." ECF No. 1, p. 1. Within the claimed admiralty jurisdiction, the complaint also alleges violation of federal statutes and Plaintiff's constitutional rights. Plaintiff sues the warden and an investigator who are both employed by the Bureau of Prisons (BOP) and working at the Federal Correctional Institution in Edgefield, South Carolina (FCI- Edgefield) where Plaintiff is imprisoned.

Plaintiff claims "maritime trespass, interference with Trustee's contractual rights, and

maritime tort," as well as "malicious trespass" by the defendants who "have by constructive force taken, and are in wrongful possession of Trustee's bailment/property No.11460031 and refuse to surrender possession of said property/bailment to which the Trustee holds a contract of bailment ... and perfection of security interest, legal ownership interests, and liened at the amount of one hundred billion, U.S.D." *Id.* at 2. The number Plaintiff provides as a property/bailment number, No. 11460031, is the BOP prisoner number assigned to him. Plaintiff alleges he "complied with the UCC filing procedures" and has filed a notice of bailment contract, "which gives notice of ownership." *Id.* at 2-3. He claims malicious trespass by defendants, who "have converted Trustee's bailment/property No. 11460031 to their use," and as "criminal malfeasants" have kept him under "false arrest" in lock up. *Id*. at 3.

Plaintiff further alleges the defendants have denied him access to the court by failing to provide a typewriter, copy machine, legal books, notary services, and quasi-legal assistance. *Id*. at 3-4. He includes a list, with no elaboration, of prison conditions he alleges are being denied, such as educational programs, sports and leisure activities, religious services, and medical equipment for his known serious medical needs. *Id*. at 4. Plaintiff claims the defendants have kept him "excommunicated from his loved ones" by confiscating his incoming and outgoing mail. *Id*. He also alleges defendants "repeatedly and maliciously" accused him of a crime and sanctioned him for it. *Id*. Based on these claims that he has brought under admiralty jurisdiction, Plaintiff asserts the defendants violated several federal laws, as well as his constitutional rights, causing irreparable injuries to him. *Id* at 5.

The complaint seeks a hearing on Plaintiff's admiralty claim, a "writ of habeas corpus to bring in the body of the Trustee" to court, as well as "to arrest bailment/property both electronic and

3

conventional"and bring the property into the "court's legal custody." *Id* at 5-6. Plaintiff seeks a "warrant of arrest of the persons" of the defendants, or "process of attachment" for the defendants' "goods, chattels and credits," to appear and respond to Plaintiff's "maritime/admiralty claim." *Id*. at 6. He also requests the court "issue a writ of injunction to restrain the continue[d] wrong-doing" of defendants and enjoin them from "using, selling, and wrongfully holding" Plaintiff's property. *Id*. He seeks a declaratory order and award of "punitive and compensatory damages of 1.5 million U.S.D. a day commencing October 31st 2013." *Id.* at 7. Plaintiff signed his name, Marco A. Nunez, on his pleading with a reference to "Federal R. Civ. P. 17(a)(1)(E)" and dated October 2, 2013.

Plaintiff attaches several documents to his complaint, titled as exhibits. ECF No. 1-1. The majority of the attached documents are from the beginning stages of the BOP's administrative remedies program in which Plaintiff raises various issues concerning prison conditions from which he seeks relief. *Id.* Also included is a memorandum dated July 18, 2013, sent to Plaintiff from Defendant Atkinson, the warden, notifying Plaintiff of a general mail restriction that prohibits Plaintiff from sending or receiving mail from his mother, based on the exchange of prohibited materials. *Id.* at 6. Plaintiff attaches copies of three disciplinary incident reports issued in 2013 that are also related to outgoing and incoming mail; each of which resulted in subsequent Disciplinary Hearing Officer decisions finding Plaintiff guilty of the incident report charges and imposing sanctions. *Id.* at 7, 18-23.

Plaintiff subsequently filed a letter that confirms his desire to proceed under admiralty law as a trustee. ECF No. 7. Plaintiff attached additional documents concerning prison conditions in which he seeks relief through the BOP's program for administrative remedies at FCI-Edgefield. He includes another disciplinary incident report related to his use of mail, dated October 30, 2013,

issued after the commencement of this case. *Id*. Plaintiff also filed a second letter requesting service by the U.S. Marshal of his admiralty "Rule C (3)(a)(ii), Petition" with additional papers attached. ECF No. 9. Several of the papers are copies of U.S. Code Sections and annotations on which Plaintiff has written his comments. In both letters, Plaintiff expresses his concern that his admiralty claim has not yet been executed.

## III. ANALYSIS

### A. Frivolous Claims

Plaintiff previously filed a habeas petition in this Court, which was dismissed because it was based on frivolous arguments for which habeas relief is not available. *Nunez v. DTC Depository Trust Corporation*, C/A No. 4:13-00244-TMC-TER (DSC). As best as the Court can discern from Plaintiff's allegations in his current complaint, he continues to rely on similar "redemptionist" or "sovereign citizen" theories, which are frivolous legal theories as explained in Plaintiff's prior case. "Redemptionists claim that government has power only over the strawman and not over the live person, who remains free," and that "[i]ndividuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman," a "fictional person." *Monroe v Beard*, 536 F.3d 198, 203 n. 4 (3rd Cir. 2008).

Plaintiff's pleading in his current case, although not entirely clear, appears to revolve around Plaintiff's attempt to create a "strawman" under the Uniform Commercial Code (UCC) by claiming his creation of an ownership interest in himself and a contract of bailment with the exclusive right to possession and control of himself, the property. He presents himself as the trustee bringing an action to obtain possession and control over himself as property. Plaintiff states he, as Trustee, "has complied with the U.C.C. filing procedure and purpose of Article-9, bailee/bailor, and has filed an

5

'actual and constructive notice' of contract of bailment." ECF No. 1, p. 2. He makes that statement to support his claim that defendants "are in wrongful possession of Trustee's bailment/ property No. 11460031. . . ." The number Plaintiff references is the number assigned to him by the BOP as a federal inmate identification number. Plaintiff appears to contend he is the trustee of himself, and he has used the UCC and Article 9 to secure his interest in himself, and possibly his possessions, as property protected by ownership principles applicable to property under the UCC. He points to "item 4 of the U.C.C. Form #1" as giving "notice of ownership." *Id.* at 3. In this action, he now attempts to use his clearly frivolous UCC arguments, founded in redemptionist theories, as a foundation for a claim under admiralty law. He states legally unfounded UCC claims to support legally unfounded admiralty claims.

<u>The Plaintiff is informed that if he continues to file frivolous actions in this Court, the Court may impose restrictive pre-filing requirements on his ability to file cases in this Court.</u> A district court has authority to order a specific pre-filing injunction against a litigant to restrain successive frivolous litigation. *See Graham v. Riddle*, 554 F.2d 133, 134–135 (4th Cir. 1977) (pre-filing injunction based on repetitive frivolous litigation within district court's discretion). Plaintiff, as a prisoner, is also subject to the provisions of 28 U.S.C. § 1915(g), if he proceeds *in forma pauperis*.

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). If Plaintiff continues to file baseless legal actions, the Court may impose a pre-filing injunction to restrain Plaintiff's frivolous litigation activity.

**B. Admiralty Claims**

The Court explained to Plaintiff in his prior case the complete lack of merit in legal arguments stemming from the redemptionist and sovereign citizen theories. The same is true for Plaintiff's current attempt to bring his frivolous arguments under admiralty law, which he states provides jurisdiction in this case. A litigant may invoke federal jurisdiction over admiralty and maritime cases under the original subject matter jurisdiction established in 28 U.S.C. § 1333. Plaintiff attempts to invoke admiralty jurisdiction and create an admiralty claim with the use of terms common to admiralty and maritime law, such as "in rem" and "maritime torts," but he fails to state any facts that could be construed to establish admiralty jurisdiction or state an admiralty claim. Despite Plaintiff's statement that he is bringing an admiralty claim, and his use of maritime terminology, the complaint contains no factual allegations concerning maritime matters, and nothing in the pleading could be construed as grounds supporting a maritime or admiralty claim. A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570 (2007). The complaint fails to establish a plausible claim under admiralty law, or establish jurisdiction under 28 U.S.C. § 1333. The Plaintiff's assertions of jurisdiction and the right to relief based on claims under admiralty law are legally and factually frivolous. *See* Frivolous Claims, *supra*. As an action brought solely under admiralty law, the complaint must be dismissed.[1]

---

[1] The pleading can designate the claim for relief as an admiralty claim, but the claim may also be cognizable on other grounds within the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 9(h)(1) ("If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim" for specific purposes.).

**C. Violation of Constitutional Rights**

Although Plaintiff's admiralty claim is frivolous, his pleading also claims violation of his constitutional rights based on prison conditions, which could invoke this Court's subject matter jurisdiction under 28 U.S.C. § 1331. "Federal courts are authorized, in one civil action, to exercise several types of subject matter jurisdiction historically exercised by separate courts, including courts of law, equity, and admiralty." *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 152 (4th Cir. 1995). Because Plaintiff sues two federal employees claiming violation of his constitutional rights, for which he seeks, in part, monetary damages, this case could be liberally construed to present claims based on prison conditions pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[2] Plaintiff's constitutional claims, therefore, are evaluated as claims under *Bivens*.

Plaintiff claims violation of his constitutional rights in context of his admiralty claim as Trustee, which is a frivolous legal foundation, as discussed above. In addition to that defect, the pleading fails to state a claim upon which relief may be granted for the claimed constitutional violations. The pleading claims Plaintiff has been kept under "false arrest" in lock up and "repeatedly" accused and sanctioned. ECF No. 1, p. 3-4. Prison disciplinary incidents can be inferred from these statements, and documents attached to the complaint confirm several disciplinary actions taken against Plaintiff. Although disciplinary actions can raise cognizable federal claims, Plaintiff's contention of "false arrest" and the stark statement of his claim, without further explanation, only raises the possibility of a claim, rather than stating a plausible claim of violation

---

[2] In *Bivens*, 403 U.S. at 397, the Supreme Court established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights.

of Plaintiff's constitutional rights that is supported by factual allegations. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570 (complaint must contain sufficient factual matter to state a claim).

Similarly, Plaintiff states a list of prison conditions he alleges are being denied in violation of his constitutional rights, including denial of educational programs; sports and leisure activities; religious services; medical equipment for his known serious medical needs; and confiscation of his incoming and outgoing mail. Plaintiff's list of prison conditions does not state a claim for violation of his constitutional rights, because "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff's conclusory statements of fact and unsupported legal conclusions are not sufficient to state a claim for relief for violation of his constitutional rights based on prison conditions.

Plaintiff also alleges denial of his constitutional right of access to the court, through failure to provide a typewriter, copy machine, legal books, notary services, and quasi-legal assistance. However, he makes no allegation of specific injury resulting from the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir.1993). Plaintiff fails to make specific allegations as to the actual injury he sustained, so the complaint fails to state a claim for denial of access to the courts.

## D. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104–134, 110 Stat. 1321 (codified

as amended at 42 U.S.C. § 1997e(a) (1996)), mandates, among other things, that prisoners exhaust their administrative remedies prior to filing civil actions concerning prison conditions. *See Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Exhaustion is required for "all action[s] ... brought with respect to prison conditions, whether under § 1983 or any other Federal law." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (internal quotations omitted); *Hill v. O'Brien*, 387 F. App'x 396, 399 (4th Cir.2010) (applies to federal prisoners bringing actions pursuant to *Bivens*). Federal prisoners must adhere to the BOP's internal grievance procedures prior to filing suit in federal court. Prisoners must pursue informal resolution, followed by appeals to institutional, regional, and national officials. 28 C.F.R. §§ 542.10–542.19; Administrative Remedy Program, Program Statement P1330.16, Fed. Bureau of Prisons (Dec. 31, 2007). Although the PLRA's exhaustion requirement is mandatory, it is not a pleading requirement, but instead an affirmative defense. *Jones v Bock*, 549 U.S. at 212 ( inmates are not required to plead exhaustion, which is an affirmative defense); *Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674, 681 (4th Cir. 2005) (a failure to exhaust under 28 U.S.C. § 1997e(a) of the PLRA is an affirmative defense).

The complaint in this case fails to state a claim, so *sua sponte* dismissal based on lack of administrative exhaustion of remedies is not necessary for dismissal; however, Plaintiff should be cognizant of the exhaustion requirement, before filing any future pleadings in this court based on prison conditions. Plaintiff filed additional papers, both attached to his pleading, and subsequent to filing his pleading. These attachments show that Plaintiff did not exhaust the BOP's inmate administrative remedies process prior to filing his current federal action. Many of the additional documents Plaintiff attached to his complaint and two subsequent letters are initial requests seeking

administrative resolution of various prison conditions, as well as official responses issued at the institutional level of review. *See* ECF No. 1-1, No. 7, and No. 9-1. The documents, however, present a variety of prison conditions, only some of which are alluded to in the complaint, and the dates on many attachments show that many prison condition claims were not exhausted through the BOP's administrative remedies process at the time the complaint was filed. Many of the initial remedy requests are dated in September or October of 2013, right before or after the Plaintiff signed the complaint in this case on October 3, 2013. *See* ECF No. 7, p. 2-3, 9-14; ECF No. 9-1, p. 5-8. To properly exhaust available administrative remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Woodford v. Ngo*, 458 U.S. 91, 93 (2006). The prisoner is precluded from filing suit while the administrative grievance is pending. *Woodford v. Ngo*, 458 U.S. at 95 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance."); *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002). In this case, even if Plaintiff attempted to cure the complaint's failure to state a claim based on specific prison conditions, the complaint is subject to dismissal for failure to exhaust administrative remedies. Plaintiff should be admonished that he must exhaust all administrative remedies available through the BOP's administrative remedy process prior to filing a complaint in federal district court claiming violation of constitutional rights based on the exhausted prison conditions claim.

**IV.   RECOMMENDATION**

It is recommended that the District Judge dismiss this case in its entirety, without service of process, pursuant to 28 U.S.C. § 1915A, because the action is frivolous and fails to state a claim upon which relief may be granted, as discussed.

                 s/Thomas E. Rogers, III
                 Thomas E. Rogers, III
                 United States Magistrate Judge

February 18, 2014
Florence, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).